**WO**

1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

| | | |
|---|---|---|
| 9 | United States of America, ) | CR-08-611-PHX-DGC |
| | ) | |
| 10 | Plaintiff, ) | **ORDER** |
| | ) | |
| 11 | vs. ) | |
| | ) | |
| 12 | Jesus Corrales-Fernandez (01); ) | |
| | Carlos Alvarez-Espinoza (02; ) | |
| 13 | Evaristo Ortiz-Jimenez (03); ) | |
| | Freddy Ovando-Ocana (04), ) | |
| 14 | ) | |
| | Defendants. ) | |
| 15 | ) | |

16        On January 7, 2009, the Government filed a superseding indictment against Jesus

17 Corrales-Fernandez, Carlos Alvarez-Espinoza, Evaristo Ortiz-Jimenez, Freddy Ovando-

18 Ocana, and David Alejo-Ortiz.  The indictment asserts a total of 18 counts.  All Defendants

19 are charged in Counts 1 through 15, which allege conspiracy to commit hostage taking

20 (Count 1), hostage taking (Counts 2-7), conspiracy to harbor illegal aliens (Count 8),

21 harboring illegal aliens (Count 9), and use and carrying of a firearm and possession of a

22 firearm during a crime of violence (Counts 10-15). Counts 16 through 18 charge Defendants

23 Ortiz-Jimenez, Corrales-Fernandez, and Ovando-Ocana with illegal reentry after deportation.

24 Dkt. #71.

25        Defendant Alvarez-Espinoza has filed a motion for severance pursuant to Rule 14 of

26 the Federal Rules of Criminal Procedure.  Dkt. #100.  Defendants Ortiz-Jimenez and

27 Ovando-Ocana have joined the motion.  Dkt. ##119, 128.  The Government has filed a

28 response.  Dkt. #137.  For the following reasons, the Court will deny the motion.

1    Alvarez-Espinoza seeks a trial separate from co-defendant Ortiz-Jimenez on the

2  ground that a juvenile victim has alleged that Ortiz-Jimenez sexually assaulted her on

3  multiple occasions while she was being held at the drop house and these allegations would

4  be extremely prejudicial to Alvarez-Espinoza in a joint trial.  Dkt. #100.  "Co-defendants

5  jointly charged are, prima facie, to be jointly tried." *United States v. Doe*, 655 F.2d 920, 926

6  (9th Cir. 1981) (citing Fed. R. Crim. P. 8).  "This is also the rule in conspiracy cases."

7  *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).  A severance-seeking

8  defendant carries a heavy burden to overcome this presumption.   To obtain severance under

9  Rule 14, "[t]he defendant must demonstrate that a joint trial is 'so manifestly prejudicial that

10  it outweighs the dominant concern with judicial economy and compels the exercise of the

11  court's discretion to sever.'"  *Doe*, 655 F.2d at 926 (quoting *United States v. Brashier*, 548

12  F.2d 1315, 1323 (9th Cir. 1976)); *see Escalante*, 637 F.2d at 1201 (party seeking "severance

13  . . . has the burden of proving 'clear,' 'manifest.' or 'undue' prejudice from the joint trial")

14  (citations omitted); *United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990) ("If only

15  'some' prejudice is all that need be shown, few multiple defendant trials would be held.").

16    The Government argues that a joint trial is appropriate because all co-defendants are

17  alleged to have taken part in the same hostage taking conspiracy with knowledge of the

18  actions of their co-defendants.  Dkt. #137 at 2.  The Court agrees.

19    Count 1 of the indictment – conspiracy to commit hostage taking – alleges that the

20  object of the conspiracy was that the co-conspirators, including Alvarez-Espinoza and Ortiz-

21  Jimenez, "would compel third persons to pay money by seizing and detaining aliens and

22  threatening to kill, injure and continue to detain those aliens."  Dkt. #71 at 2.  The juvenile

23  victim has alleged that she was sexually assaulted at the drop house on May 18, 2008.  *See*

24  Dkt. #100 at 2.  That alleged assault by Ortiz-Jimenez appears to be one of the overt acts that

25  Count 1 alleges in furtherance of the conspiracy:  "some of the hostage aliens were beaten

26  and otherwise assaulted" on May 18, 2008.  Dkt. #71 at 2.

27    Because the alleged sexual assault by Ortiz-Jimenez is part of the conspiracy charged

28  against all defendants in Count 1, evidence of the assault would likely be admissible in a

1  separate trial of any co-defendant. *See United States v. Harris*, 738 F.2d 1068, 1073 (9th Cir.

2  1984); *United States v. Baker*, 10 F.3d 1374, 1389 (9th Cir. 1993), *overruled on other*

3  *grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).  Moreover, the Court

4  will instruct the jurors that they are to consider each defendant's guilt separately from the

5  guilt of every other defendant. Given these considerations, the Court concludes that Alvarez-

6  Espinoza "has not carried the difficult burden of demonstrating undue prejudice from a joint

7  trial[.]"  *United States v. Tousant*, 619 F.2d 810, 814 (9th Cir. 1980).

8  　　　**IT IS ORDERED** that Defendant Carlos Alvarez-Espinoza's motion for severance

9  (Dkt. #100) is **denied**.

10  　　　Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on

11  March 17, 2009 for a total of 29 days.

12  　　　DATED this 15th day of April, 2009.

13

14

15

16  _____
          David G. Campbell
17          United States District Judge

18

19

20

21

22

23

24

25

26

27

28